**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**RONNIE RAY KING**                                                                                      **PLAINTIFF**

**V.**                                                                                        **CASE NO. 1:09CV168**

**TRUE TEMPER SPORTS, INC.**                                                                **DEFENDANT**

## MEMORANDUM OPINION

In this lawsuit, Plaintiff Ronnie Ray King alleges that Defendant True Temper Sports, Inc., illegally discriminated against him based on age when he was terminated as part of a company-wide reduction in force (RIF). Before the Court is True Temper's Motion for Summary Judgment [36]. For the following reasons, the Court grants the motion.

## BACKGROUND FACTS

True Temper is a manufacturer of steel golf club shafts whose principle manufacturing operations are located in Amory, Mississippi. The company's workforce is comprised of both hourly and salaried employees. The hourly workers are represented by a union and enjoy a collective bargaining agreement (CBA); however, the CBA does not apply to the salaried workers.

King began working for True Temper in 2002 as a salaried production supervisor in the golf shaft department. He worked on the third shift for the entirety of his tenure with the company. At various times he supervised all areas of the golf shaft department, including special tubing, straightening and trim, polishing, plating, finishing, white room (packaging), silk screening, and labeling. At the time of the reduction in force, King was responsible for special tubing and straightening and trim. In April 2008, he received a positive performance and development evaluation which gave him an overall rating of "clearly achieves expectations."

In September of 2008, True Temper implemented a workforce reduction. As part of the

workforce reduction, the decision was made to eliminate three production supervisor positions. Stephen Brown, True Temper's Site Director and General Manager, asked Carl Dobbs (who managed the mill) and Weston Thorne (who managed the golf shaft department) to recommend supervisors to lay off. Thorne recommended laying off King (age 59 at the time) and Hosea Bogen (age 58), both of whom were supervisors in the golf shaft department. Dobbs recommended laying off Matthew Cox (age 30), a supervisor in the mill department. However, Thorne wanted to keep Matthew Cox, and instead, Glenn Jordan (age 39) was selected to be laid off. Stephen Brown accepted the recommendations and King, Bogen, and Jordan were terminated.[1]

King declined a severance package and filed this lawsuit, alleging that he was terminated in violation of the Age Discrimination in Employment Act.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant." Agnew v. Wash. Mut. Fin. Group, LLC, 244 F. Supp. 2d 672, 675 (N.D. Miss. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents,

---

[1] The hourly workers were laid off based on seniority pursuant to the CBA. Additional reductions followed the September RIF, and by May 2009, True Temper's workforce had been reduced from 464 employee to 187 employees. True Temper filed for Chapter 11 Bankruptcy in October, 2009.

electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002).

The Court is not to weigh the evidence or engage in credibility determinations. Anderson, 477 U.S. at 249, 106 S. Ct. 2505; Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir. 2009). "[T]he court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Deville, 567 F.3d at 164.

## DISCUSSION

The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer "to discharge any individual or otherwise discriminate . . . with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Intentional discrimination can be proved through either direct or circumstantial evidence. Russell v. McKinney Hosp. Venture, 235 F.3d 219, 222 (5th Cir. 2000).

To prove an ADEA claim, "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." Gross v. FBL Fin. Servs., Inc., ---U.S. ----, 129 S. Ct. 2343, 2351, 174 L. Ed. 2d 119 (2009). Because King offers no direct evidence of age discrimination, his claim is analyzed under

3

the framework set forth in McDonnell Douglas Corp. v. Green.[2] Applying the McDonnell Douglas framework, the plaintiff carries the initial burden of establishing a prima facie case of discrimination. 411 U.S. at 802, 93 S. Ct. 1817.

Because terminated employees are typically not replaced in the context of a reduction in force, a modified framework for establishing a prima facie case is applied. In reduction in force cases, a plaintiff makes out a prima facie case by showing he or she: (1) is a member of a protected class; (2) suffered an adverse employment action; (3) possessed the qualifications to assume an available position; and (4) can product direct, circumstantial, or statistical evidence tending to indicate that age was a motivating factor for termination, or others who were not members of the protected class remained in similar positions. Sheffield v. Leggett & Platt, Inc., 2008 WL 3842903, at *3 (N.D. Miss. Aug. 13, 2008); Ortiz v. Shaw Group, Inc., 250 F. App'x 603, 606 (5th Cir. 2007); Van Cleave v. Ameron Int'l Inc., 54 F. App'x 793 (5th Cir. 2002); Nichols v. Loral Vaught Sys. Corp., 81 F.3d 38, 41 (5th Cir. 1996) (citing Amburgey v. Corhart Refractories Corp., Inc., 936 F.2d 805, 812 (5th Cir. 1991)). Establishing a prima facie case establishes a rebuttable presumption of intentional discrimination. Nichols, 81 F.3d at 41 (citations omitted).

If the plaintiff establishes a prima facie case of discrimination, the defendant then has the opportunity to rebut the presumption of discrimination by proffering a legitimate, nondiscriminatory reason for the adverse employment action. Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 142, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). This burden is one of production, not persuasion.

---

[2] 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). While the Supreme Court has not definitively resolved whether the McDonnell Douglas framework is applicable to the ADEA, see Gross, 129 S. Ct. at 2349 n. 2, this Court will continue to apply Fifth Circuit precedent which holds the McDonnell Douglas framework applies to ADEA actions. Jackson v. Cal-Western Packaging Corp., 602 F.3d 374, 378 (5th Cir. 2010).

Id. If this burden is met, the Plaintiff must prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but a prextext for discrimination. Jackson, 602 F.3d at 378 n.12 (citing Reeves, 530 U.S. at 142-43, 120 S. Ct. 2097).

**A.     Prima Facie Case**

There is no dispute that King has met the first and second prongs necessary to establish a prima facie case of discrimination. However, True Temper asserts that King has failed to establish that there was another available position for King to assume at the time of the layoff. Furthermore, True Temper disputes that King has produced any evidence from which a fact-finder might reasonably conclude that True Temper intended to discriminate in laying off King.

Employers are not required to "bump" younger, less experienced employees from their positions to in order to make room for older workers. Walther v. Lone Star Gas Co., 952 F.2d 119, 123 (5th Cir. 1992). Rather, when there are vacant positions similar to the position from which an older employee is terminated, an employer cannot consider age in deciding which employee should be transferred to fill the vacancy. Id. True Temper asserts there were no vacant supervisor positions for King to fill at the time of the reduction in force. King does not directly address this argument; rather, he argues that True Temper used the lay off as an opportunity to effectively replace[3] King with a younger supervisor, Baron Baggett (age 45), who was hired six weeks before King's termination. Baggett supervised the special tubing department and worked on the first and second shifts. The record is unclear as to whether the decision to implement the reduction in force was made prior to the decision to hire Baggett. In other words, it is unclear whether Baggett's position

---

[3] King's "replacement" argument is confusing as all parties apparently concede that the third shift special tubing and straightening and trim departments were eliminated by the RIF.

was vacant when the decision to implement the RIF was made. Viewing the evidence in the light most favorable to King and allowing him all reasonable inferences therefrom, the Court finds that King has satisfied this element.

True Temper next argues King must produce evidence of discriminatory intent to satisfy the fourth element of a prima facie case. However, the Fifth Circuit has also stated this element may be satisfied by showing that younger employees in similar positions were retained while the Plaintiff was terminated. See Ortiz, 250 F. App'x at 606; Vaughn v. Edel, 918 F.2d 517, 521 (5th Cir. 1990) ("[T]he fourth element of the prima facie case is, more appropriately, that . . . others who were not members of the protected class remained in similar positions."); Thornbrough v. Columbus & Greenville R.R., 760 F.2d 633, 644 (5th Cir. 1985), overruled on other grounds by St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 512-13, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993). As King points out, Baggett, a younger employee, was employed in a position similar to King and retained while King was terminated. "To establish a prima facie case, a plaintiff need only make a very minimal showing." Nichols, 81 F.3d at 41 (citing Thornbough 760 F.2d at 639). The Court finds that Baggett has satisfied the fourth element and established a prima facie case.

**B.   Legitimate, Non-Discriminatory Reason for Termination**

As Plaintiff concedes, a reduction in force is itself a legitimate nondiscriminatory reason for a discharge. E.E.O.C. v. Tex. Instruments Inc., 100 F.3d 1173, 1181 (5th Cir. 1996). Thorne testified that he recommended laying off King because he believed that King, along with Bogan and Jordan, were the three weakest supervisors in the facility. True Temper has satisfied its burden of production.

## C. Pretext

As evidence that the reason given by True Temper was pretextual, King offers three pieces of evidence: (1) King was terminated, while an allegedly less qualified younger supervisor was retained; (2) King and Bogan, the two oldest supervisors, were selected to be laid off; and (3) King trained Bagget prior to being terminated. None of these are sufficient to raise a genuine issue of material fact as to whether King's termination was based on his age.

*Retention of Baron Baggett*

King first argues that a jury could infer his termination due to age discrimination because Baggett, an allegedly less qualified younger employee, was retained. As the Fifth Circuit has explained, "the issue is not whether [Plaintiff] or the retained employees were better qualified. An employer is entitled to make that decision for itself." Walther, 952 F.2d at 123. A genuine issue of material fact exists only when evidence shows the plaintiff was "clearly better qualified" than younger employees who were retained. Nichols, 81 F.3d at 42. However, this evidence must be more than merely subjective and speculative. Id. As a general rule, "differences in qualifications between job candidates are generally not probative evidence of discrimination unless those differences are so favorable to the plaintiff that there can be no dispute among reasonable people of impartial judgment that the plaintiff was clearly better qualified for the position." Deines v. Tex. Dept. of Protective and Regulatory Serv., 164 F.3d 277, 279 (5th Cir. 1999).

King asserts that because he had forty years of manufacturing experience, he was clearly more qualified than Baggett. However, an "attempt to equate years served with superior qualifications . . . [is] unpersuasive. . . . [G]reater experience alone will not suffice to raise a fact question as to whether one person is clearly more qualified than another." Nichols, 81 F.3d at 42

7

(citations omitted). Furthermore, as True Temper points out, Baggett himself had over fifteen years of manufacturing managerial experience and possessed a master's degree, while King never graduated from college. A reasonable jury would be unable to conclude from this evidence that King was "clearly" better qualified than Bagett.

*Oldest Employees Laid Off*

The second argument advanced by King is that a reasonable jury could infer his termination was based on age because King and Bogen, the two oldest supervisors in the golf shaft department, were two of the three supervisors selected to be laid off. King argues "[a] reasonable jury could conclude Thorne had a bias against older workers because . . . it was his opinion that the two oldest supervisors were also the poorest performing supervisors."[4] The Fifth Circuit has observed that "particularly in age discrimination cases where innumerable groupings of employees are possible according to ages and divisions within the corporate structure, statistics are easily manipulated and may be deceptive." Tex. Instruments, Inc., 100 F.3d 1173. Statistical evidence usually cannot rebut the employer's articulated nondiscriminatory reason. Id. at 1184-85. While "gross statistical disparities resulting from a reduction in force or similar evidence *may* be probative of discriminatory intent, motive, or purpose," Walther, 977 F.2d at 162 (emphasis added), here, the small statistical sample offered by King is simply insufficient allow an inference of age discrimination. See Schoonmaker v. Spartan Graphics Leasing, LLC, 595 F.3d 261, 268 (6th Cir. 2010) (mere showing that two oldest employees were selected for termination is not probative of discrimination).

*Training Bagget*

Finally, King argues, "[i]f King were as bad an employee as Thorne claims, it would have

---

[4] Elbert Windham, a supervisor older than King, was retained in the mill department.

been illogical to have King train Baggett."[5] However, Thorne, while ultimately concluding that King was one of the worst performing supervisors at True Temper, testified that King was an "average supervisor." King also testified that Thorne told him he was a good employee and offered to write him a letter of recommendation. In reduction in force cases, some employees will have to be let go despite competent performance. Walther, 952 F.2d at 124. Therefore, the fact that True Temper purportedly had King train Baggett does not allow a reasonable inference that True Temper's reason for terminating King— that he was one of the poorest performing supervisors—was a pretext for age discrimination.[6]

In sum, King has failed to present any evidence from which a reasonable juror could conclude that age was the but-for reason for his termination. Therefore, the Court grants True Temper's Motion for Summary Judgment.

## CONCLUSION

Defendant's Motion for Summary Judgment is granted, the Plaintiff's claims are dismissed, and this case is closed.

SO ORDERED on this, the 7th day of June, 2011.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**

---

[5] King testified in his deposition that, "[a]t the time I got laid off they had me working 12 hours a day to train a guy they had just hired . . . ." However, True Temper disputes that King ever trained Baggett and has produced scheduling records purporting to show that at the most, King and Baggett's schedules overlapped for twelve hours during the time they were both employed at True Temper.

[6] King fails to offer any comparative evidence regarding his performance evaluation relative to other employees.